The opinion of the court was delivered by
McEnery, J.
On the 26th December, 1892, the plaintiffs filed a petition, annexing thereto a schedule of their affairs, and prayed for a meeting of creditors and a discharge from their liabilities. The usual orders were granted, the meeting of creditors held, a syndic appointed, the insolvents’ estate was administered, and they were ■discharged by a vote in number and amount from their liabilities. The syndic presented his account for the final distribution of the assets in the insolvents’ estate.
On the 20th February, 1893, certain creditors opposed the syndic’s account and the discharge prayed for the plaintiffs on the following grounds:
1. That the plaintiffs did not ree ive the affirmative votes cast at the meeting of creditors, for their discharge, of a majority in number and amount.
2. That the schedules herein filed by the plaintiffs do not correctly represent their assets and liabilities; that many of the names placed therein as creditors are not creditors, or if creditors at all, for amounts less than given and voted for; that the plaintiffs have not accounted for all their assets, but on the contrary have omitted a large quantity thereof from their schedules; that a few days before their surrender the plaintiffs purchased from the N. O. Auction and Oommission Go., Limited, one of the opponents, lemons to the amount of four hundred and fifty-six dollars, and nqver accounted for the lemons or the proceeds of their sale; that also, *1178 within a short time before their failure the plaintiffs purchased a large quantity of peanuts of the value of one thousand five hundred dollars, and never accounted for them or the proceeds of their sale; that they also purchased from Seinsheimer Paper Company, of Cincinnati, under same circumstances, a large quantity of paper, for which they never accounted.
3. That the plaintiffs did not keep proper books and did not turn over their books to the notary appointed by the court to conduct the insolvent proceedings.
4. Opponents oppose the vote of A. Xiques for the discharge of the plaintiffs on the ground that as voting as agent of a creditor he had no personal knowledge of the indebtedness.
5. The opponents oppose the votes cast by certain named creditors because they were not creditors of the plaintiffs for the amounts stated.
There was judgment in favor of opponents, Hills Bros. & Co., placing them on the account as ordinary creditors against the city of New Orleans, dismissing its opposition, and as thus amended the account was approved and homologated, and the funds ordered distributed accordingly.
It was “further ordered, adjudged and decreed that the opposition of the New Orleans Auction and Commission Company, Limited, and others be maintained, and the application for the discharge of the insolvents, Roman and Guerriero, is refused at their cost.”
The controversy is in relation to that part of the judgment refusing to discharge the insolvents.
It was based on the alleged frauds of the insolvents prior to the filing of their petition and the surrender of their property, in order to obtain the benefit of the insolvent laws.
The judgment does not deny the claims of the creditors alleged by opponents not to be creditors of the insolvents, and who voted for their discharge.
The claims of these creditors are mere matters of legal right, subject to be disputed or controverted in the concurso. Their mere appearance on the schedule does not amount to a fraud against creditors within the meaning of the insolvent laws. Monthly vs. Creditors, 18 La. 383.
The evidence does not show that these creditors were placed on the schedule with the intention of defrauding other creditors, nor is *1179 there any reason to believe that the creditors were injured by the mere statement on the schedule of the amount due these creditors. If the amounts were not due at all, or some of them exaggerated, both of which are alleged, the errors could have been easily and promptly corrected in the concurso.
The proces verbal of the notary shows that a majority in number and amount voted for the discharge of the insolvents.
The proces verbal makes a prima facie ease for them, and we do not think the evidence in the record is sufficiently convincing to destroy the effect of the votes east by the five creditors who it is alleged were not creditors for the amounts stated, and the votes of the twenty-six creditors who are alleged to be the creditors of the individual members of the insolvent firm.
The specifications contained in numbers two and three are embraced within the definition of fraud in Sees. 1802, 1803 of the Revised Statutes. The fraud specified in these sections must be distinctly and positively particularized in the opposition, and if it be sustained by proof, the insolvent is punished by being debarred forever from the benefits of the insolvent laws, and incurs the penalty of imprisonment for a term not exceeding three.years.
Section 1802 of the Revised Statutes says: “ Should any creditor of an insolvent debtor deem it necessary to oppose the appointment of a syndic, or to charge fraud against the debtor, he shall, within the ten days next following the meeting of creditors, lay before the court his written opposition, stating specifically the several facts of nullity of the appointment or fraud alleged against the insolvent debtor. Whereupon the judge shall decide said opposition, and in case of accusation of fraud, after having received the insolvent debt- or’s answer, the court shall order a jury to be summoned for the purpose of deciding on the accusations.”
The plaintiffs were entitled to have the aceus'ation of fraud made against them referred to a jury. McCloskey & Co. vs. Ingram, 17 An. 85; Besle vs. Creditors, 14 An. 522; Thompson vs. Chapman, 7 An. 258.
The opponents failed to charge fraud against the insolvent within ten days after the meeting of creditors, as required by Sec. 1802, R. S.
No opposition charging fraud to a voluntary surrender can be filed after the lapse of ten days next following the meeting of creditors, *1180 although the creditors did not know of the fraud complained of within that time. Mathews & Finley vs. Creditors, 11 An. 36.
In the case cited the reasons for excluding the maxim Contra non valentón agere non eurrit prescriptio from the application to the ten days’ prescription for filing oppositions in insolvent proceedings are fully and sufficiently stated.
It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to reverse that part of it which refuses to discharge the insolvent plaintiffs, and it is now ordered that they be discharged. In all other respects the judgment is affirmed, the insolvent’s estate to pay costs.